IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
IN ADMIRALTY
No. 7:16-CV-237-D

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE, COMPANY, AS SUBROGEE OF SANCTUARY, LLC ) ) ) ) Plaintiff, ) ) v. ) ) ) BENNETT BROTHERS YACHTS, INC. ) ) Defendant. ) | **ORDER** |

On December 28, 2017, the court granted Bennett Brothers Yachts, Inc.'s ("Bennett Brothers") motion for summary judgment [D.E. 36]. On January 15, 2018, New Hampshire Insurance Company ("NHIC") moved to amend the judgment [D.E. 38] and filed a memorandum in support [D.E. 39]. On January 26, 2018, Bennett Brothers responded in opposition [D.E. 40]. On February 1, 2018, NHIC replied [D.E. 41]. As explained below, the court grants NHIC's motion to amend the judgment.

I.

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) rests within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule

59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted); see Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). In other words, the court may grant a Rule 59(e) motion if "the court has misapprehended the facts, a party's position, or the controlling law." Anderson v. Waste Mgmt. of Wilmington, No. 7:15-cv-14-FL, 2016 WL 3211957, at *3 (E.D.N.C. June 7, 2016) (unpublished); Sobel v. United States, 571 F. Supp. 2d 1222, 1229 (D. Kan. 2008).

A.

NHIC insured Sanctuary LLC's Motor Yacht ("the Vessel"), a sixty-foot power catamaran, for $2,985,000. See Compl. [D.E. 1] ¶ 1. On July 30, 2015, the Vessel struck a submerged object in the intracoastal waterway in South Carolina. See [D.E. 28] 2. On July 31, 2015, Bennett Brothers agreed to haul the Vessel to its facility for additional examination and repair. See Compl. ¶ 5; Answer [D.E. 10] ¶ 5. On August 1, 2015, Bennett Brothers dropped and damaged the Vessel while moving the Vessel to land for repairs. See Compl. ¶ 5; [D.E. 22] ¶ 1. NHIC sued Bennett Brothers for breach of contract, breach of implied warranty of workmanlike performance, and negligence, and requested $2,190,686.72 in damages, representing the constructive total loss of the Vessel. Compl. ¶¶ 13, 15, 19. NHIC calculated the total loss as follows: insured value of the Vessel ($2,985,000) less salvage value ($794,313.28). See Def. Ex. F [D.E. 23-6] 3. On September 18, 2017, Bennett Brothers moved for summary judgment and argued that NHIC cannot, as a matter of law, recover its claimed damages. See [D.E. 20, 21].

During this case, NHIC repeatedly changed its theory of recovery. For example, in supplemental disclosures and interrogatories, NHIC stated that it was not seeking damages for the

2

Vessel's constructive total loss, but in opposition to defendant's motion for summary judgment, NHIC argued that the Vessel was a constructive total loss. Compare Def. Ex. L [D.E. 23-12], and Def. Ex. M [D.E. 23-13] 2, with [D.E. 28] 8. Alternatively, NHIC argued that it should recover damages based on the Vessel's diminution in value or the estimated cost of repairs immediately following the accident. See id. at 15; Def. Exs. L, M.

On December 28, 2017, the court held that NHIC cannot, as a matter of law, recover damages for the Vessel's constructive total loss. See [D.E. 35] 6. The court also held that "NHIC never amended its complaint to seek damages for diminution in value or cost of repairs. Instead, NHIC discussed these theories in supplemental disclosures, discovery, and briefing," and that "[e]stablishing damages for cost of repairs or diminution in value requires proving a separate set of facts from constructive total loss." Id. at 7. Thus, because NHIC never amended its complaint to add these claims, the court granted Bennett Brothers's motion for summary judgment.

In its motion to alter the judgment, NHIC argues that it was not required to amend its complaint because pursuing damages for diminution in value (or estimated cost of repairs) did not "alter the elements of the causes of action articulated in the Complaint, nor require additional facts to prove[.]" [D.E. 39] 5. Upon review, the court agrees that NHIC did not have to amend its complaint because pursuing damages for diminution in value or estimated cost of repairs did not alter the elements of the causes of action or require additional facts to be proven.

Although NHIC repeatedly changed its theory of recovery, the theories are premised on the same facts. NHIC cites three theories of recovery: (1) constructive total loss; (2) diminution in value; and (3) cost of repairs. As for the calculation of constructive total loss, a vessel is a constructive total loss when the cost of repairs exceeds the fair market value of the vessel immediately before the damage occurred. See Gaines Towing & Transp., Inc. v. Atlantia Tanker

3

Corp., 191 F.3d 633, 635 (5th Cir. 1999) (per curiam); Self Towing, Inc. v. Brown Marine Servs., Inc., 837 F.2d 1501, 1506 (11th Cir. 1988); Hewlett v. Barge Bertie, 418 F.2d 654, 657 (4th Cir. 1969). As for the calculation concerning diminution in value, the diminution in value is "the value of the vessel before and after the collision." Stevens v. F/V Bonnie Doon, 731 F.2d 1433, 1436 (9th Cir. 1984); see LaConner Assocs. Ltd. Liab. Co. v. Island Tug & Barge Co., No. C07–175RSL, 2008 WL 8415154, at *4 (W.D. Wash. June 16, 2008) (unpublished). Diminution in value, however, is calculated based on the estimated cost of repairs. See Stevens, 731 F.2d at 1436; Hewlett, 418 F.2d at 658; LaConner, 2008 WL 8415154, at *4; Detroit & Cleveland Navigation Co. v. The Elbert H. Gary, 161 F. Supp. 570, 577 (E.D. Mich. 1958). Thus, all three theories of recovery require determining the Vessel's fair market value immediately before the damage, the Vessel's fair market value immediately after the damage, and the reasonable cost of repairs that would restore the Vessel to its pre-collision condition.[1] Accordingly, the court grants NHIC's motion to amend the summary judgment order and vacates the judgment. NHIC may not pursue damages for constructive total loss of the Vessel. See [D.E. 35] 6. NHIC can, however, pursue damages for the diminution in value or estimated cost of repairs.

---

[1] To the extent Bennett Brothers argues that the only relevant evidence of damages is the cost of actual repairs, the argument fails. The Vessel's owner chose not to repair the Vessel, and an injured shipowner may recover estimated cost of repairs, even when the vessel is not repaired. See, e.g., Yarmouth Sea Prods. Ltd. v. Scully, 131 F.3d 389, 399 (4th Cir. 1997); The Tug June S v. Bordagain Shipping Co., 418 F.2d 306, 307 (5th Cir. 1969); United States v. Shipowners & Merchants Tugboat Co., 103 F. Supp. 152, 153 (N.D. Cal. 1952) ("Damages in collision cases, where the repairs are not made, can be measured either by estimated cost of repairs at a time immediately following the accident ... or by the diminution in the market value of the vessel."), aff'd, 205 F.2d 352 (9th Cir. 1953). Although there is evidence of actual repairs, the third-party purchaser completed the repairs, not the injured party. A third-party's actions do not limit NHIC's damages. See, e.g., Moreno v. Ross Island Sand & Gravel Co., No. 2:13–cv–00691–KJM–KJN, 2015 WL 6690067, at *2 (E.D. Cal. Oct. 29, 2015) (unpublished).

II.

In sum, the court GRANTS NHIC's motion to amend the judgment [D.E. 38] and VACATES the judgment. The court DENIES the motion for bill of costs [D.E. 37]. The parties shall engage in a court-hosted settlement conference with United States Magistrate Judge Gates. Judge Gates will contact the parties about the settlement conference.

SO ORDERED. This 22 day of May 2018.

                                          JAMES C. DEVER III
                                          Chief United States District Judge