IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
IN ADMIRALTY
No. 7:16-CV-237-D

NEW HAMPSHIRE INSURANCE )
COMPANY, AS SUBROGEE OF )
SANCTUARY, LLC )
)
Plaintiff, )
) **ORDER**
v. )
)
BENNETT BROTHERS YACHTS, INC. )
)
Defendant. )

On September 28, 2018, Bennett Brothers Yachts, Inc. ("Bennett Brothers" or "defendant") filed a motion in limine to exclude any expert testimony of Michael Andrews ("Andrews") [D.E. 53] and filed a memorandum in support [D.E. 54]. On October 16, 2018, New Hampshire Insurance Company ("NHIC" or "plaintiff") responded in opposition [D.E. 55]. On October 29, 2018, Bennett Brothers replied [D.E. 58]. On October 17, 2018, Bennett Brothers filed a motion in limine to exclude the expert report and testimony of Steve Knox ("Knox") [D.E. 56] and filed a memorandum in support [D.E. 57]. On November 6, 2018, NHIC responded in opposition [D.E. 59]. On November 12, 2018, Bennett Brothers replied [D.E. 60]. As explained below, the court denies Bennett Brothers's motions in limine.

As for Bennett Brothers's motion in limine concerning Andrews, Bennett Brothers argues that NHIC did not disclose an expert report from Andrews in violation of Federal Rule of Civil Procedure 26(a)(2)(B). See [D.E. 54] 7–12. Bennett Brothers also notes that it did not depose Andrews because NHIC "revers[ed] course and s[ought] costs of repair as an alternative method of recovery" after the close of discovery. [D.E. 54] 2.

As part of the required disclosures, "a party must disclose to the other parties the identity of any [expert] witness." Fed. R. Civ. P. 26(a)(2)(A). "[T]his disclosure must be accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). If a party's expert witness is not required to prepare a written report, the party must only disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

NHIC hired Andrews, a marine surveyor, to survey and evaluate the damage to the yacht M/Y SANCTUARY (the "Vessel") after Bennett Brothers damaged the Vessel. See, e.g., [D.E. 54] 1–2; [D.E. 55] 2. NHIC did not retain or employ Andrews to provide expert testimony and did not employ Andrews in a role that involved regularly giving expert testimony for NHIC. Cf. Fed. R. Civ. P. 26(a)(2)(B); Adams v. J. Meyers Builders, Inc., 671 F. Supp. 2d 262, 271–72 (D.N.H. 2009). Accordingly, NHIC had to disclose information consistent with Rule 26(a)(2)(C), not Rule 26(a)(2)(B). NHIC has disclosed information concerning Andrews's proposed expert testimony, including the subject matter about which Andrews will testify and the facts underlying Andrews's testimony. See [D.E. 55-4] 2–3. Therefore, the court denies Bennett Brothers's motion in limine concerning Andrews. The court will limit Andrews's testimony to the scope of NHIC's disclosures under Rule 26(a)(2)(C). See Fed. R. Civ. P. 37(c)(1); cf. Milbrath v. NCL Bahamas, Ltd., No. 1:17-CV-22071-UU, 2018 WL 2036081, at *2 (S.D. Fla. Feb. 28, 2018) (unpublished); St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc., No. 05-2115 (CKK), 2007 WL 1589495, at *12 (D.D.C. June 1, 2007) (unpublished). To the extent that Bennett Brothers seek to reopen discovery to depose Andrews, the court denies Bennett Brothers's motion.

As for Bennett Brothers's motion in limine concerning Knox, Bennett Brothers argues that Knox's testimony is not relevant or reliable. Rule 702 of the Federal Rules of Evidence governs the admission of expert testimony. Fed. R. Evid. 702; see Silicon Knights, Inc. v. Epic Games, Inc., No. 5:07-CV-275-D, 2011 WL 6748518, at *5 (E.D.N.C. Dec. 22, 2011) (unpublished). The proponent of the expert testimony must establish its admissibility by a preponderance of the evidence. See Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001). A district court has broad latitude in determining the admissibility of proposed expert testimony. See United States v. Gastiaburo, 16 F.3d 582, 589 (4th Cir. 1994).

Expert testimony is appropriate when it "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Courts have distilled Rule 702's requirements into two crucial inquiries: whether the proposed expert's testimony is relevant and whether it is reliable. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999); Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993); United States v. Forrest, 429 F.3d 73, 80 (4th Cir. 2005); Silicon Knights, Inc, 2011 WL 6748518, at *5. The trial court must perform the special gatekeeping obligation of ensuring that expert testimony meets both requirements. Kumho Tire, 526 U.S. at 147.

NHIC's "theories of recovery require determining the Vessel's fair market value immediately before the damage, the Vessel's fair market value immediately after the damage, and the reasonable cost of repairs that would restore the Vessel to its pre-collision condition." [D.E. 42] 4. Although the ultimate measure of damages "is calculated based on the estimated cost of repairs," id.; Order [D.E. 52] 1, evidence concerning the Vessel's fair market value is relevant for determining the cost of repairs to restore the Vessel to its pre-collision condition. Accordingly, Knox's expert report, which concerns diminution of value, is relevant. See [D.E. 57-2]. As for reliability, Bennett Brothers's arguments address the weight and credibility of Knox's opinion, not the reliability of his

3

methodology. Therefore, the court denies Bennett Brothers's motion in limine concerning Knox.

In sum, the court DENIES Bennett Brothers's motions in limine [D.E. 53, 56].

SO ORDERED. This 28 day of December 2018.

JAMES C. DEVER III
United States District Judge